**Order entered February 25, 2019**



**In The**
# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-18-00801-CR

### THOMAS WILSON, Appellant

### V.

### THE STATE OF TEXAS, Appellee

### On Appeal from the 283rd Judicial District Court
### Dallas County, Texas
### Trial Court Cause No. F16-71680-T

## ORDER

Before the Court is appellant's February 21, 2019 motion for extension of time to file his brief. We **DENY** the motion because it does not comply with the rule. *See* TEX. R. APP. P. 10.5(b)(1)(a) (requiring motions to extend time to state the deadline for filing the item in question), (c) (requiring the motion to state the facts relied on to reasonably explain the need for an extension), (d) (requiring the motion to state the number of previous extensions granted regarding the item in question).[1]

We do not seek to overburden responsible counsel in this simplest of motions practice, but motions must comply with the appropriate rules. *See Calce v. Dorado*, 309 S.W.3d 719, 730

---

[1] Note: counsel filed this motion twenty days after the brief was initially due, and only tells us now that the brief is "late due to extensive research." He provides no explanation why the motion itself is late. *See* TEX. R. APP. P. 10.5(b)(1)(c), 38.6(d).

(Tex. App.—Dallas 2010, no pet.) (and cases cited therein discussing what is a "reasonable explanation").

We **ORDER** appellant's brief filed by **5:00 p.m. on March 8, 2019**. If appellant's brief is not filed by that date, the Court will abate the appeal for a hearing under rule 38.8(b)(2). *See* TEX. R. APP. P. 38.8(b)(2) ("If the appellate court does not receive a satisfactory response within ten days, the court must order the trial court to immediately conduct a hearing to determine whether the appellant desires to prosecute his appeal, whether the appellant is indigent, or, if not indigent, whether retained counsel has abandoned the appeal, and to make appropriate findings and recommendations.").

/s/    CORY L. CARLYLE
JUSTICE